```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

NICOLETTE P. SKINNER,         )
                              )
          Plaintiff,          )
                              )
     v.                       )      1:19CV572
                              )
WOMACK ARMY MEDICAL CENTER,   )
                              )
          Defendant.          )

**<u>MEMORANDUM OPINION AND ORDER</u>**

THOMAS D. SCHROEDER, Chief District Judge.

Plaintiff Nicolette P. Skinner, proceeding *pro se*, brings this action against Defendant Womack Army Medical Center ("Womack") for negligence in providing medical care. The United States, appearing on behalf of Womack, has moved to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6) (Doc. 8), and Skinner has moved for leave to file an amended complaint (Doc. 15). The motions are fully briefed and ready for decision. For the reasons set forth below, Womack's motion to dismiss will be granted and Skinner's motion for leave to file an amended compliant will be denied.

## I. BACKGROUND

### A. Facts

On October 12, 2018, Skinner visited Womack to seek medical attention for her children. (Doc. 4 at 5.) While there, Skinner became the focus of the medical staff and was allegedly "mistreated

and misdiagnosed, held against her will and . . . sent away." (Id.)  As part of this alleged misdiagnosis, Skinner claims, medical staff diagnosed her with psychotic behavior despite her calm demeanor, and involuntarily injected her with Ativan (a sedative) and Geodon (an antipsychotic).  (Doc. 12 at 2.)  On October 13, 2018, Skinner was transferred to Brynn Marr Hospital (id.), from which she was presumably released.  On October 16, 2018, Skinner filed an administrative tort claim, claim number 19-302-T002,[1] with the United States Army Claims Office.  (Doc. 9-1 at 2.)

On October 25, 2018, Skinner "checked into FastMed Urgent Care in Sanford due to tingling, chilling, and numbness up and down" her arms.  (Doc. 12 at 3.)  She subsequently visited Express Care at Cape Fear Valley Medical Center on November 1, 2018, to further investigate the sensations in her arms.  (Id.)  Skinner scheduled an appointment with John Korby at the Army Linden Oaks Medical Center and saw him on November 15, 2018.  (Doc. 4 at 5.)  During her appointment she discussed the "chronic pain on both [her] arms from the injections."  (Id.)  Following a conversation

---

[1] In a December 5, 2018 letter from claim investigator Blake Holladay, Skinner was assigned claim number 18-302-T002. (Doc. 11 at 6.)  Womack notes that this was a typographical error and that Skinner's actual number was 19-302-T002, as indicated by the declaration by Blake Holladay attached to Womack's motion to dismiss. (Doc. 13 at 2.)  Further, Womack argues that this typographical error is of no moment because the Army's records reveal that Skinner filed two administrative claims, neither of which has been fully exhausted. (Id.)

2

with "psychiatrist L'Abbe," "[o]fficers" questioned Skinner, and "[an] EMT was called to have [her] transported back to [Womack] for further evaluations and assessments." (Id.)  Skinner alleges that the psychiatrist believed she was having "an 'acute psychosis.'" (Id.)  Skinner was presumably released from Womack.  During a visit with a neurologist in March of 2019, Skinner was diagnosed with paresthesia (an abnormal dermal sensation) and, following subsequent neurological testing, experienced hearing loss that she attributes to the involuntary injections that occurred at Womack in October of 2018.  (Doc. 12 at 3-4.)

**B. Procedural History**

On April 11, 2019, Skinner filed this lawsuit in the General Court of Justice, District Court Division, of Lee County, North Carolina.  (Doc. 1-1.)  On June 6, 2019, Womack removed the case to this court pursuant to 28 U.S.C. §§ 1441, 1442, and 1446.  (Doc. 1.)  In her complaint, Skinner alleges that Womack was negligent when its providers misdiagnosed her with acute psychosis, held her against her will, unnecessarily injected her with antipsychotics, and transferred her to a separate facility.  (Doc. 4.)  Stemming from this alleged misconduct, Skinner seeks damages of $25,000,000 for "medical negligence, medical malpractice, and . . . hate organized crime."  (Id.)

In lieu of answering, Womack filed the present motion to dismiss on July 8, 2019.  (Doc. 8.)  The court issued Skinner a

3

Roseboro letter,[2] notifying her of her right to file a 20-page response and the possibility that a failure to do so would likely result in the dismissal of her case. (Doc. 10.) On July 31, 2019, Skinner filed a five-page response in opposition to the motion to dismiss (Doc. 11)[3] along with various records and an affidavit (Doc. 12). On September 3, 2019, Skinner moved for leave to file an amended complaint. (Doc. 15.) These motions are fully briefed and ready for decision.

**II. ANALYSIS**

Skinner proceeds *pro se*. "A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case." Hall-El v. United States, No. 1:11CV1037, 2013 WL 1346621, *2 (M.D.N.C. Apr. 3, 2013) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Pleadings "should not be scrutinized with such technical nicety that a meritorious claim should be defeated." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). But while the court must construe the complaint liberally, it is not obliged to become an advocate for the unrepresented party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990), or "to construct full blown claims from sentence fragments," Beaudett v. City of Hampton,

---

[2] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[3] Many of the attachments are Skinner's medical records. The court cautions Skinner against including medical records in her filings, which are public record.

775 F.2d 1274, 1278 (4th Cir. 1985).

Skinner does not explicitly state a cause of action in her complaint. But because she filed administrative tort claims, seeks money damages, and pleads negligence, her complaint is construed as one under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, et. seq. ("FTCA").

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Subject matter jurisdiction is a "threshold issue" the court must address before considering the merits of a plaintiff's claim. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 (1998)). A plaintiff bears the burden of proving subject matter jurisdiction. Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgement.'" Id. (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (internal citations omitted)). The court should only grant the Rule 12(b)(1) motion "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

(quoting Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768).

Skinner's lawsuit alleges primarily negligence and medical malpractice by Womack. Womack challenges this court's subject matter jurisdiction, arguing that Skinner has failed to exhaust her administrative remedies as mandated by the FTCA, and thus the United States has not waived its sovereign immunity. (Doc. 9 at 6.) Womack supports its motion to dismiss with a declaration from Connie McConahy, the Acting Chief of the Operations and Records Branch of the U.S. Army Claims Service, stating that a search of the claims office's computerized database indicates that as of July 1, 2019, "no final determinations have been issued" on Skinner's claims. (Doc. 9-1 at 2.)[4] Skinner responds that the motion "should be overruled" because McConahy's declaration shows she erroneously searched for FTCA claim number 19-302-T002 when Skinner's claim number was in fact 18-302-T002 and that McConahy relied on that erroneous search to support her declaration that Skinner has not exhausted her administrative remedies. (Doc. 11 at 1.) Womack argues that any communication to Skinner listing her claim number as 18-302-T002 simply contained a typographical error and that McConahy's search of the Claims Office database,

---

[4] McConahy's search of the claims office database revealed the claim at issue, 19-302-T002, stemming from Skinner's October 12, 2018 visit to Womack, as well as an administrative tort claim, 19-261-T008, filed on November 25, 2018, relating to medical care provided on August 14, 2012, at Winn Army Community Hospital. (Doc. 9-1 at 2.)

6

which resulted in the display of all claims filed by Skinner, indicated that none had been decided. (Doc. 13 at 2.)

The district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). While district courts have exclusive jurisdiction over these actions, "[i]t is well established that the United States Government, as sovereign, is immune from suit unless it consents to be sued," and the terms of that consent define the district court's jurisdiction. Gould v. United States Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990). "Congress created a limited waiver of sovereign immunity in the FTCA. 28 U.S.C. §§ 2671-2680." Id. The FTCA "creates a limited waiver . . . by authorizing damages actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment, when a private person would be liable for such conduct under state law." Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006); see 28 U.S.C. § 1346(b)(1).

"[B]ecause the FTCA constitutes a waiver of sovereign immunity, plaintiffs . . . must file an FTCA action in careful compliance with its terms." Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000). FTCA claims are barred unless they

which resulted in the display of all claims filed by Skinner, indicated that none had been decided. (Doc. 13 at 2.)

The district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). While district courts have exclusive jurisdiction over these actions, "[i]t is well established that the United States Government, as sovereign, is immune from suit unless it consents to be sued," and the terms of that consent define the district court's jurisdiction. Gould v. United States Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990). "Congress created a limited waiver of sovereign immunity in the FTCA. 28 U.S.C. §§ 2671-2680." Id. The FTCA "creates a limited waiver . . . by authorizing damages actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment, when a private person would be liable for such conduct under state law." Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006); see 28 U.S.C. § 1346(b)(1).

"[B]ecause the FTCA constitutes a waiver of sovereign immunity, plaintiffs . . . must file an FTCA action in careful compliance with its terms." Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000). FTCA claims are barred unless they

are "presented in writing to the appropriate Federal agency within two years after such claim accrues" or initiated "within six months . . . of notice of final denial of the claim." 28 U.S.C. § 2401(b). No action shall be instituted against the Government in district court "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim . . . ." Id. This presentment requirement is jurisdictional and may not be waived. See Lopez v. United States, 823 F.3d 970, 976 (10th Cir. 2016); Lopatina v. United States, 528 Fed. Appx. 352, 356 (4th Cir. 2013); Mader v. United States, 654 F.3d 794, 807-08 (8th Cir. 2011). The Supreme Court in McNeil v. United States, 508 U.S. 106, 112 (1993) explained its purpose:

> Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

Skinner filed an administrative tort claim on October 16, 2018, based on actions that occurred on October 12, 2018. (Doc. 9-1 at 2.) In doing so, she complied with the two-year window to

8

file her claim after it accrued. See 28 U.S.C. § 2401(b). However, Womack contends that as of July 1, 2019, no final decision had been made on any administrative tort claim filed by Skinner, thus her claim is barred under 28 U.S.C. § 2675(a). Skinner does not dispute Womack's assertions. Skinner has not met her burden under Local Rule 7.2 to provide an argument as to the merit of her claim. L.R. 7.2(a)(4) (requiring briefs to contain argument, with reference to all statutes, rules, and authorities relied upon). In the absence of any explanation, the court nevertheless has the obligation to determine whether the motion to dismiss is merited. See Local Rule 7.3(k); Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 449 (M.D.N.C. 2005).

Womack argues that Skinner's state court claim was filed within six months of the presentment of her administrative tort claim, thus Skinner failed to follow the process established by the FTCA. (Doc. 9 at 9-10.) Skinner's administrative tort claim was filed on October 16, 2018 (Doc. 9-1), and she filed this lawsuit in state court on April 11, 2019 (Doc. 1-1), less than six months later. In support of its motion to dismiss, Womack cites Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990). In Plyler, an FTCA claim filed in state court was removed to federal court before six months had elapsed. Id. On appeal, the Fourth Circuit held that a district court lacked subject matter jurisdiction when an FTCA claim was removed to federal court before

a final disposition or the passing of six months.  Id.  In the present case, an FTCA claim was brought in state court within six months of the filing of an administrative tort claim and was removed to federal court on June 6, 2019, after six months had elapsed.  (Doc. 1.)  While these facts are distinguishable from those in Plyler, the court nevertheless finds that Skinner failed to exhaust her administrative remedies and this court lacks subject matter jurisdiction.

Section 2675(a) prohibits an action from beginning or commencing until the presentment requirement has been satisfied. See McNeil, 508 U.S. at 112 ("In its statutory context, we think the normal interpretation of the word 'institute' [in § 2675(a)] is synonymous with the words 'begin' and 'commence.'").  Upon filing her state court claim against Womack, Skinner began an action against the United States.  The fact that six months has now elapsed since the filing of her administrative tort claim is immaterial to the determination of jurisdiction.  See Plyler, 900 F.2d at 42 (citing Gregory v. Mitchell, 634 F.2d 199 (5th Cir. 1981)) ("Since the district court had no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired.").  Skinner's failure to adhere to the requirements of the FTCA prevents this court from exercising jurisdiction, and her claim will be dismissed without prejudice.  See Weston v. United

States, No. 1:15CV84, 2015 WL 5511133, *9-10 (M.D.N.C. Sept. 17, 2015) (dismissing plaintiff's FTCA claim without prejudice where administrative remedies were not exhausted); Brinkley v. United States, No. 5:10-CT-3084-BO, 2012 WL 78376, *3 (E.D.N.C. Jan. 10, 2012) (same).

Skinner may regard this ruling as unfair, especially to a *pro se* litigant. However, the Supreme Court has rejected just such a conclusion. In McNeil, where the petitioner proceeded *pro se*, the Court recognized that "a litigant proceeding without counsel may make a fatal procedural error" under the FTCA's exhaustion requirement. 508 U.S. at 113. But given the "clarity of the statutory text," the Court concluded, a "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Id. Consequently, the Court concluded, even the deference commonly afforded a *pro se* litigant cannot overcome the statutory requirement.

In light of this conclusion, the court will defer ruling on the other grounds for dismissal raised by Womack. See Steel Co., 523 U.S. at 94 (holding that a federal court may not act under "'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt."). However, because Skinner proceeds *pro se*, she is cautioned that any future action must comply with the appropriate rules for

11

pleading as well as for process and service of process.[5]

### B. Motion for Leave to File an Amended Complaint

Pursuant to Federal Rule of Civil Procedure 15(a), courts "should freely give leave [to amend a complaint] when justice so requires." Although district courts should freely grant leave to amend a complaint, a court may deny leave when an amendment would be futile. Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). "A motion to amend a complaint is futile 'if the proposed claim would not survive a motion to dismiss.'" Pugh v. McDonald, 266 F. Supp. 3d 864, 866 (M.D.N.C. 2017) (quoting James Madison Ltd. V. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996)). The decision to grant or deny a motion to amend is within the discretion of the district court. Forman v. Davis, 371 U.S. 178, 182 (1962).

In her motion to file an amended complaint, Skinner cites her intention to "[c]orrect[] for Insufficient Process and Insufficient Service of Process." (Doc. 15 at 1.) Womack opposes this motion, arguing that Skinner's amendment would be futile because "her claims are still subject to dismissal for failure to exhaust administrative remedies." (Doc. 17 at 4 n.3.)

The court agrees. Granting Skinner leave to amend her complaint will not affect the court's prior analysis finding lack

---

[5] The court's deferral should not be interpreted as any indication of the timeliness or merit of any future action.

12

of subject matter jurisdiction for failure to exhaust administrative remedies. Even if Skinner were to cure the alleged deficiencies in process and service of process, her proposed amended complaint (Doc. 15-1) fails to demonstrate subject matter jurisdiction. Evans, 166 F.3d at 647. Because the amended complaint would not survive a motion to dismiss, therefore, the court finds the proposed amendment futile, and Skinner's motion to file an amended complaint will be denied. See Nichols v. United States, No. 5:09-CV-196-BO, 2010 WL 11622662, *4 (E.D.N.C. Mar. 12, 2010) (denying plaintiff's motion to amend).

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Womack's motion to dismiss (Doc. 8) is GRANTED due to lack of subject matter jurisdiction, and Skinner's complaint is DISMISSED WITHOUT PREJUDICE. It is further ORDERED that Skinner's motion to file an amended complaint (Doc. 15) is DENIED WITHOUT PREJUDICE.

/s/   Thomas D. Schroeder
United States District Judge

November 27, 2019